UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVID JAMES LACK, | ) Case No. CV 17-26-BRO(AJW) |
| | ) |
|     Petitioner, | ) MEMORANDUM AND ORDER |
| | ) DISMISSING PETITION |
|     v. | ) WITHOUT PREJUDICE |
| | ) |
| SHERIFF BILL BROWN, | ) |
| | ) |
|     Respondent. | ) |

On January 3, 2017, petitioner filed this petition for a writ of habeas corpus. The petition challenges criminal proceedings in the Santa Barbara Superior Court that have not yet been completed. Specifically, petitioner alleges that he has been deprived of his right to a speedy trial and seeks an order dismissing the charges against him. [Petition at 2-9]. For the following reasons, the petition is subject to summary dismissal.[1]

Federal intrusion into petitioner's ongoing state criminal proceedings is precluded by Younger v. Harris, 401 U.S. 37 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to

---

[1] Rule 4 of the Rules Governing Section cases requires a judge promptly to examine a federal habeas corpus petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."

have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-765 (9th Cir. 1972) (per curiam). Although Younger abstention may not be warranted if a prosecution is "undertaken by state officials without hope of obtaining a valid conviction" or if a challenged criminal statute is "flagrantly and patently violative of express constitutional prohibitions", Perez v. Ledesma, 401 U.S. 82, 85 (1971), petitioner has not made such a showing. See Brown v. Ahern, 676 F.3d 899, 900, 903 (9th Cir. 2012)("[A]bsent specifically defined extraordinary circumstances, principles of federalism and comity prohibit a federal district court from entertaining a pre-conviction habeas petition that raises a Speedy Trial claim as an affirmative defense to state prosecution.").[2]

Accordingly, the petition is dismissed without prejudice to its refiling after petitioner's criminal proceedings, including any direct appeal, are completed. See Carden v. Montana, 626 F.2d 82, 84-85 (9th Cir.) (rejecting a claim that the petitioners would be irreparably harmed by waiting until after state trial to assert their speedy trial claim), cert. denied, 449 U.S. 1014 (1980).

**It is so ordered.**

Dated: January 11, 2017

_____
Beverly Reid O'Connell
United States District Judge

---

[2] The policy underlying Younger abstention is sufficiently important that federal courts may raise the issue sua sponte. See Hoye v. City of Oakland, 653 F.3d 835, 843 n. 5 (9th Cir. 2011).

2